

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: THE ESTATE OF )
GLORIA JEAN SYKES, )
)
    Debtor/Appellant. )
)
) Case No. 12 C 198
)
) Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of the Bankruptcy Court's modification of the automatic stay: (1) in favor of Carolyn Toerpe ("Toerpe"), as Trustee of the Mary G. Sykes Trust and as Guardian of Mary G. Sykes, a disabled adult, in relating to two state-court proceedings pending between the debtor, Gloria J. Sykes ("Sykes"), and Toerpe and (2) in favor of Federal Credit Union, permitting it to comply with any orders entered in a state-court probate proceeding. For the reasons that follow, the case is remanded to the Bankruptcy Court.

## BACKGROUND

### State-Court Proceedings

Sykes and Toerpe are sisters. Their mother, Mary G. Sykes ("Mary"), was adjudicated a disabled adult by the Circuit Court of Cook County, Probate Division. Toerpe and Sykes both filed petitions for guardianship, and Toerpe was appointed as Guardian for the person and estate of Mary.

The property is owned by the Mary G. Sykes Trust ("Trust"). Toerpe is named as the Successor Trustee in the Trust. Mary, prior to her adjudication, resided on the first

floor and Sykes resided on the second floor of a building located at 6014 N. Avondale, Chicago, IL (the "Property"). Mary now resides with Toerpe at Toerpe's residence. Toerpe desired to sell the Property in order to pay for the costs of caring for Mary.

In 2010, Toerpe filed a forcible-detainer action against Sykes in the Circuit Court of Cook County. Sykes entered into an Agreed Order for Possession in the Circuit Court of Cook, directing her to vacate the Property by October 1, 2011. On September 27, 2011, Sykes filed an appeal of the Agreed Order of Possession. On September 28, 2011, Sykes filed her chapter 11 bankruptcy petition. She also filed an emergency motion to stay the Agreed Order of Possession in the Circuit Court of Cook County.

On March 29, 2012, the Circuit Court of Cook County entered an order, directing that Sykes not access funds in a certain account, and another order, directing Federal Credit Union to freeze funds in a certain account, until further order of court. In addition, there were additional matters pending in the guardianship case in the Probate Division of Cook County.

*Motion to Stay*

Sykes filed a chapter 11 bankruptcy on September 28, 2011. On October 8, 2011, Toerpe filed a motion to modify the automatic stay, to allow Toerpe to proceed with and abide by orders entered in two matters pending in the Circuit Court of Cook County. Federal Credit Union also filed a motion to modify the stay to allow it to comply with orders entered in probate court in Cook County.

2

The Bankruptcy Court conducted a status hearing regarding the two motions to modify the stay on October 25, 2011. After hearing argument from the parties, the Bankruptcy Court granted both of the motions to stay, stating: "I will lift the stay and I will allow counsel to challenge whatever void orders he thinks are in bankruptcy court. We are not going to play games here with a bankruptcy to try to second guess the state court. If you think the order is void, go over there and challenge it." (Dkt. No. 10 at 52-53.) The Bankruptcy Court then signed two separate orders, provided by counsel for Toerpe and Federal Credit Union, granting the motions to stay. (*See id.* at 37-38.)

## LEGAL STANDARD

"The bankruptcy court's grant of relief from the automatic stay is reviewed for an abuse of discretion." *Colon v. Option One Morg. Corp.*, 319 F.3d 912, 916 (7th Cir. 2003) (citing *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998)). The reviewing court examines the "bankruptcy court's factual findings for clear error and its legal conclusions de novo." *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008) (citing *In re Rivinius, Inc.*, 977 F.3d 1171 (7th Cir. 1992)).

## ANALYSIS

The automatic stay provision of Section 362 provides for a stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Section 362(d) provides that the bankruptcy court may grant relief from the stay for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C.

3

§ 362(d)(1). "'Cause' as used in § 362(d) has no clear definition and is determined on a case-by-case basis." *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (*Fernstrom*) (citations and quotations omitted). The Seventh Circuit has adopted a three-part test that is to be used in determining whether "cause" exists to lift a stay: (1) "[a]ny great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit"; (2) "the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor"; and (3) "the creditor has a probability of prevailing on the merits." *Id.*

In its oral ruling to modify the stay, the Bankruptcy Court did not state the factors and the grounds causing the stay to be modified. Nor do the orders signed by the Bankruptcy Court articulate the factors or grounds upon which the Bankruptcy Court based its findings. Therefore, the Court is unable to determine whether the Bankruptcy Court abused its discretion in modifying the automatic stay to allow Toerpe and Federal Credit Union to proceed with the state-court proceedings. Accordingly, the case is remanded to the Bankruptcy Court for these findings. *See In re Quay Corp., Inc.*, No. 05-cv-7235, 2006 WL 931734, at *2 (N.D. Ill. Apr. 6, 2006) (remanding for written findings due to bankruptcy court's failure to clearly articulate its findings or the grounds upon which it based its findings); *see Sears, Roebuck & Co. v. Jackson*, 99 C 3176, 1999 WL 3176, at *3 (N.D. Ill. Aug. 26, 1999) (same).

## CONCLUSION

For the reasons set forth above, the case is remanded to the U.S. Bankruptcy Court, Northern District of Illinois (Chicago) for further proceedings consistent with the enclosed Order.

Date: 9-20-12

JOHN W. DARRAH
United States District Court Judge